**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

JUDAH M. BURSTYN, Case No. 19-12052-AJC
Chapter 7

Debtor.
_________________________________/

MARCIA T. DUNN, not individually but as Chapter 7 Trustee of the estate of the Debtor, Adv. Case No. __________

Plaintiff,
v.

ANITA BURSTYN, an individual; PRIME REALTY INVESTORS CORP., a dissolved Florida corporation; MALIBU PROPERTIES MANAGEMENT LLC, a dissolved Florida limited liablity company; PRIME MANAGEMENT PROPERTY CORP., a dissolved Florida corporation; JUDAH M. BURSTYN, an individual; DAVID A. BURSTYN, an individual; and BRADLEY KEITH BURSTYN, an individual,

Defendants.
____________________________________/

# COMPLAINT

Plaintiff, MARCIA T. DUNN, in her capacity as the duly appointed Chapter 7 trustee of the bankruptcy estate of JUDAH M. BURSTYN, in the above-captioned main case (the "Trustee" or "Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendants, ANITA BURSTYN, an individual ("A. Burstyn"); PRIME REALTY INVESTORS CORP., a dissolved Florida corporation ("Prime Corp."); MALIBU PROPERTIES MANAGEMENT LLC, a dissolved Florida limited liability company ("Malibu"); JUDAH M. BURSTYN, an individual

(the "Debtor"); DAVID A. BURSTYN, an individual ("D. Burstyn"); and BRADLEY KEITH BURSTYN, an individual ("B. Burstyn") (collectively, the "Defendants") and in support thereof alleges as follows:

**JURISDICTION & VENUE**

1. This is an adversary proceeding brought by the Trustee against Defendants to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548, 549, and 550; and Fla. Stat. §§ 726.105(1)(a), 726.105(1)(b), 726.106(1), and 726.108(1)(a); for declaratory judgment; and for other relief under applicable non-bankruptcy federal and state law.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and Fed. R. Bankr. P. 7001.

3. Venue is proper herein pursuant to 28 U.S.C. §§ 1408 and 1409(a), as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the Southern District of Florida.

4. This is a core proceeding for which this Court is authorized to hear and determine all matters and enter final judgment in accordance with 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

5. All conditions precedent to the filing of this Adversary Proceeding have been performed, have occurred, have been waived, or have otherwise been excused.

**PARTIES**

6. Plaintiff, MARCIA T. DUNN, is the duly appointed Trustee in the underlying Chapter 7 bankruptcy proceeding, and this action is brought solely in Ms. Dunn's capacity as Trustee of the Debtor's bankruptcy estate in the Main Case (the "Estate").

7. Defendant, ANITA BURSTYN, is an individual residing in Miami-Dade County, Florida subject to the personal jurisdiction of this Court, and otherwise *sui juris*.

8. Anita Burstyn is a relative of the Debtor.

9. Defendant, PRIME REALTY INVESTORS CORP., is a dissolved Florida corporation transacting business in the State of Florida with its principal place of business in Miami-Dade County, Florida.

10. Defendant, MALIBU PROPERTIES MANAGEMENT LLC, is a dissolved Florida limited liability company transacting business in the State of Florida with its principal place of business in Miami-Dade County, Florida.

11. Defendant, PRIME MANAGEMENT PROPERTY CORP., is a dissolved Florida corporation transacting business in the State of Florida with its principal place of business in Miami-Dade County, Florida

12. Together, Prime Corp., Malibu, and Prime Management shall hereinafter be referred to as the "Alter Ego Entities".

13. Defendant, JUDAH M. BURSTYN, is an individual residing in Miami-Dade County, Florida subject to the personal jurisdiction of this Court, and otherwise *sui juris*.

14. Judah M. Burstyn is the Debtor in the above-captioned bankruptcy case.

15. Defendant, DAVID A. BURSTYN, is an individual residing in Miami-Dade County, Florida subject to the personal jurisdiction of this Court, and otherwise *sui juris*.

16. Defendant, BRADLEY KEITH BURSTYN, is an individual who has operated, conducted, engaged in, or carried on a business or business venture in the State of Florida, or has engaged in substantial and not isolated activity within the State of Florida, and is otherwise *sui juris* and subject to the jurisdiction of this Court.

## BACKGROUND AND GENERAL ALLEGATIONS

**A. The Debtor's Bankruptcy Filing**

17. The Debtor has an extensive professional background in real estate investment and development, with decades of experience in both residential and commercial projects, including distressed acquisitions at foreclosure sales.

18. On February 15, 2019 (the "Petition Date"), the Debtor commenced the instant bankruptcy case with the filing of a voluntary petition under Chapter 13, Title 11 of the United States Bankruptcy Code.

19. On April 27, 2019, the Debtor filed a Notice of Voluntary Conversion to Chapter 7 [D.E. 22], and an Order Upon Conversion of Case Under to Chapter 7 by the Debtor was entered by the Court on April 29, 2019 [D.E. 23].

**B. The Debtor's Operation of Prime Corp. as an Alter Ego Entity**

20. At all times relevant to the transfers described herein, the Debtor was sole owner, director, and officer of Prime Corp., a real estate brokerage entity.

21. Prime Corp. was incorporated on October 27, 1993,[1] with the Debtor listed as the officer and director on all annual reports filed with the Florida Division of Corporations.

22. On the Debtor's Amended Schedule "A/B", the Debtor listed a 100% ownership interest in Prime Corp. [D.E. 58].

23. At all times relevant to the transfers described herein, the Debtor dominated and controlled Prime Corp.

---

[1] Prime Corp. was administratively dissolved in 2018. However, the Debtor incorporated Prime Realty Investors Corp. again on April 9, 2019, with the Debtor listed as the sole officer and director of the entity. Prime Corp. was again administratively dissolved in 2020.

24. At all times relevant to the transfers described herein, the Debtor failed to follow corporate formalities with respect to Prime Corp.

25. From the Trustee's investigation into the Debtor's books and records, Prime Corp. failed to keep or maintain and separate corporate records in any form.

26. Further, the Trustee's investigation has revealed that the Debtor commingled corporate and personal affairs with respect to Prime Corp.

27. By way of example, and not limitation, the Debtor routinely paid a credit card held in the name of Prime Corp. by using funds from his personal bank account, and also deposited monies owed either to the Debtor or his unrelated entities (e.g., rents collected) into a bank account held in the name of Prime Corp.

28. In doing so, the Debtor completely disregarded any corporate form with respect to Prime Corp. and used the entity interchangeably with his own, unrelated personal and other business affairs.

**C. The Debtor's Operation of Malibu as an Alter Ego Entity**

29. At all times relevant to the transfers described herein, the Debtor was the sole owner, sole director, and sole officer of Malibu.

30. Malibu was incorporated on March 3, 2014,[2] with the Debtor listed as the sole officer and director on all annual reports filed with the Florida Division of Corporations.

31. At all times relevant to the transfers described herein, the Debtor dominated and controlled Malibu.

32. At all times relevant to the transfers described herein, the Debtor failed to follow corporate formalities with respect to Malibu.

---

[2] Malibu was administratively dissolved on September 22, 2017.

33. From the Trustee's investigation into the Debtor's books and records, Malibu failed to keep or maintain and separate corporate records in any form.

34. Further, the Trustee's investigation has revealed that the Debtor commingled corporate and personal affairs with respect to Malibu.

35. By way of example, and not limitation, the Debtor routinely paid various credit cards held in his individual name by using funds held in a bank account titled in the name of Malibu, and also routinely deposited monies related either to the Debtor's personal affairs or his unrelated entities (e.g., loan proceeds, sale proceeds) into a bank account held in the name of Malibu.

36. In doing so, the Debtor completely disregarded any corporate form with respect to Malibu and used the entity interchangeably with his own, unrelated personal and other business affairs.

**D. The Debtor's Operation of Prime Management as an Alter Ego Entity**

37. At all times relevant to the transfers described herein, the Debtor was sole owner, and president of Prime Management.

38. Prime Management was incorporated on May 7, 2007,[3] with the Debtor listed as president on all documents filed with the Florida Division of Corporations.

39. At all times relevant to the transfers described herein, the Debtor dominated and controlled Prime Management.

40. At all times relevant to the transfers described herein, the Debtor failed to follow corporate formalities with respect to Prime Management.

[3] Prime LLC was administratively dissolved in 2017.

41. From the Trustee's investigation into the Debtor's books and records, Prime Management failed to keep or maintain and separate corporate records in any form.

42. Further, the Trustee's investigation has revealed that the Debtor commingled corporate and personal affairs with respect to Prime Management.

43. In doing so, the Debtor completely disregarded any corporate form with respect to Prime Management and used the entity interchangeably with his own, unrelated personal and other business affairs.

**E. The Debtor's Personal ITF Accounts**

44. In April 2012, the Debtor opened an individual checking account at Bank of America ending in x2233 and titled as "Judah Burstyn ITF David A. Burstyn and Bradley Burstyn" (the "2233 BoA Account").

45. In December 2013, the Debtor opened an individual demand deposit account at Bank of America ending in x6114 and titled as "Judah Burstyn Special Account" (the "6114 BoA Account") (collectively, the 2233 BoA Account and the 6114 BoA Account shall be referred to as the "ITF Accounts").

46. On the respective signature cards for the ITF Accounts the Debtor selected the account as "individual" and was the sole authorized signatory.

47. The Trustee's investigation has revealed that the ITF Accounts, at all times material to the transfers described herein, contained only personal funds of the Debtor and were only used by the Debtor.

48. The Trustee asserts that neither D. Burstyn or B. Burstyn had or have any interest in any funds held in the ITF Accounts, and that the ITF Accounts are solely property of the Debtor.

**F. The Fraudulent Transfers to A. Burstyn**

49. Prior to the Petition Date, the Debtor and the Alter Ego Entities made transfers to A. Burstyn in the net total Amount of **$89,395.25**, as detailed on **Exhibit A** attached hereto, which the Trustee incorporates herein by reference, and contains: (i) a list of payments received by A. Burstyn from the Debtor and the Alter Ego Entities or made on behalf of A. Burstyn from the Debtor and the Alter Ego Entities during the applicable time frame; (ii) the date of each payment; (iii) the amount of each payment; (iv) the bank account from which each payment was made; and (v) the method of payment (collectively, the "Fraudulent Transfers").

50. The Fraudulent Transfers specified on Exhibit A reflect that A. Burstyn received a transfer of funds from 5th Court Properties, LLC.

51. Upon information and belief, 5th Court Properties, LLC was an entity owned and controlled by the Debtor for the purpose of buying and selling real estate.

52. The Debtor's books and records do not reflect that A. Burstyn invested funds into 5th Court Properties LLC or that she otherwise contributed any funds or value to the entity.

53. The Debtor's books and records do not reflect that A. Burstyn was a creditor of 5th Court Properties LLC at the time of the transfer of funds.

54. As such, A. Burstyn was not entitled to receive any transfer of funds from 5th Court Properties LLC.

55. Any distributions of funds from 5th Court Properties LLC would have been owed to the Debtor and not A. Burstyn.

56. At the time of the Fraudulent Transfers, the Debtor had at least one actual unsecured creditor, including but not limited to the Internal Revenue Service, and other creditors holding unsecured claims which are allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the

Fraudulent Transfers were avoidable under applicable law, including 11 U.S.C. § 548. [***see e.g.* Claim 11, Main Case**].

57. The Debtor (i) did not receive reasonably equivalent value in exchange for the Fraudulent Transfers; (ii) was insolvent at the time of the Fraudulent Transfers or became insolvent as a result thereof; (iii) were engaged or were about to engage in a business or transaction for which the remaining assets of the Debtor was unreasonably small in relation to the business or transaction; or (iv) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they came due.

58. Each of the Fraudulent Transfers were made to or for the benefit A. Burstyn.

59. Each of the Fraudulent Transfers were of funds and/or property belonging to the Debtor and each of the Fraudulent Transfers was made from accounts that were property of the Debtor.

60. The Fraudulent Transfers did not relate to the Debtor's business operations.

61. The Fraudulent Transfers did not confer any benefit upon, nor provide any value to the Debtor or his creditors.

62. The Debtor's records do not indicate that the Fraudulent Transfers had a connection with or were related to the business of the Debtor.

63. The Debtor's records do not indicate that A. Burstyn provided the Debtor with reasonably equivalent value in exchange for the Fraudulent Transfers.

64. The Debtor was insolvent at the time the Fraudulent Transfers were made.

65. At the time of the Fraudulent Transfers, the Debtor was not generally paying his debts as they came due; had obligations and faced claims beyond the Debtor's ability to pay; and otherwise had liabilities which exceeded the true value of his assets.

66. Any conditions precedent to bringing this action have been performed, have occurred, have been waived, or have otherwise been excused.

**RESRVATION OF RIGHTS**

67. The Trustee is an after-the-fact appointed fiduciary.

68. The Trustee reserves the right to amend, modify, and/or supplement these and other allegations contained in this Complaint, and causes of action against the Defendants, or persons or parties affiliated with the Defendants, based on her further investigation.

**COUNT I**
**AVOIDANCE OF FRAUDULENT TRANSFER**
**11 U.S.C. §§ 544(b)(1) and 548(a)(1)(A), Fla. Stat. §§ 726.105(1)(a) and 726.108, and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A)**
**(against Anita Burstyn)**

69. The Trustee adopts and realleges each and every allegation contained in Paragraphs 1 through 68 above as if specifically set forth herein.

70. The Trustee sues A. Burstyn pursuant to 11 U.S.C. §§ 544(b)(1) and 548(a)(1)(A), Fla. Stat. §§ 726.105(1)(a) and 726.108, and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A) to avoid the Fraudulent Transfers as an actual fraudulent transfer.

71. The Debtor made the Fraudulent Transfers prior to the Petition Date and within the Trustee's applicable look back period and statute of limitations.

72. The Fraudulent Transfers were made with the actual intent to hinder, delay, or defraud a creditor of the Debtor.

73. As of the time of the Fraudulent Transfers, the Debtor had at least one actual creditor, including but not limited to the Internal Revenue Service, holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Fraudulent Transfers

were avoidable under applicable law, including 11 U.S.C. § 548(a)(1)(A), Fla. Stat. §§ 726.105(1)(a) and 726.108.

74. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may step into the shoes of the Internal Revenue Service for purposes of the creditor's collection period pursuant to 11 U.S.C. § 6502(a).

75. As a result of the above, the Trustee is entitled to avoid the transfers pursuant to 11 U.S.C. §§ 544(b)(1) and 548(a)(1)(A), Fla. Stat. §§ 726.105(1)(a) and 726.108(1)(a), and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A).

**WHEREFORE**, the Trustee respectfully requests the Court enter a judgment in her favor against Defendant Anita Burstyn: (a) declaring the Fraudulent Transfers to be a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(A) and/or Fla. Stat. § 726.105(1)(a); (b) avoiding and recovering the Fraudulent Transfers as a fraudulent transfer pursuant to §§ 544 and 548(a)(1)(A), Fla. Stat. §§ 726.105(1)(a) and 726.108, and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A); (c) awarding to the Trustee, for the benefit of the Estate, pre- and post-judgment interest and costs; and (d) granting such other and further relief as may be just and proper.

## COUNT II
## AVOIDANCE OF FRAUDULENT TRANSFER
## 11 U.S.C. §§ 544(b)(1) and 548(a)(1)(B), Fla. Stat. §§ 726.105(1)(b) and 726.108, and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A)
## (against Anita Burstyn)

76. The Trustee adopts and realleges each and every allegation contained in Paragraphs 1 through 68 above as if specifically set forth herein.

77. The Trustee sues A. Burstyn pursuant to 11 U.S.C. §§ 544(b)(1) and 548(a)(1)(B) and Fla. Stat. §§ 726.105(1)(b), 725.105(2), and 726.108, and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A) to avoid the Fraudulent Transfers as a constructively fraudulent transfer.

78. The Debtor made the Fraudulent Transfers prior to the Petition Date within the Trustee's applicable look back period and statute of limitations.

79. The Debtor received less than reasonably equivalent value in exchange for the Fraudulent Transfers, and:

a. Was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

b. Was engaged in business or a transaction, or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to its business or transaction; or

c. The Debtor intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

80. The Debtor possessed intent to hinder, delay, or defraud any creditor as evidenced by, but not limited to:

d. The Fraudulent Transfers were made to an insider, the Debtor's relative, A. Burstyn.

e. The Debtor retained possession or control of the property transferred after the Fraudulent Transfers.

f. The Debtor concealed the Fraudulent Transfers.

g. Before the Fraudulent Transfers were made, the Debtor had been sued or threatened with suit.

h. The Fraudulent Transfers were of substantially all the Debtor's assets.

81. At the time of the Fraudulent Transfers, the Debtor had at least one actual creditor, including but not limited to the Internal Revenue Service, holding an unsecured claim which is

allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Fraudulent Transfers were avoidable under applicable law, including 11 U.S.C. § 548(a)(1)(B), Fla. Stat. §§ 726.105(1)(b) and 726.108.

82. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may step into the shoes of the Internal Revenue Service for purposes of the creditor's collection period pursuant to 11 U.S.C. § 6502(a).

83. As a result of the above, the Trustee is entitled to avoid the transfers pursuant to 11 U.S.C. §§ 544(b)(1) and 548(a)(1)(B), Fla. Stat. §§ 726.105(1)(b) and 726.108(1)(a), and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A).

**WHEREFORE**, the Trustee respectfully requests the Court enter a judgment in her favor against Defendant Anita Burstyn: (a) declaring the Fraudulent Transfers to be a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B) and/or Fla. Stat. § 726.105(1)(b); (b) avoiding and recovering the Fraudulent Transfers as a fraudulent transfer pursuant to 11 U.SC. §§ 544 and 548(a)(1)(B), Fla. Stat. §§ 726.105(1)(b) and 726.108, and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A); (c) awarding to the Trustee, for the benefit of the Estate, pre- and post-judgment interest and costs; and (d) granting such other and further relief as may be just and proper.

## COUNT III
## AVOIDANCE OF FRAUDULENT TRANSFER
## 11 U.S.C. § 544(b)(1), Fla. Stat. §§ 726.106(1) and 726.108 and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A)
## (against Anita Burstyn)

84. The Trustee adopts and realleges each and every allegation contained in Paragraphs 1 through 68 above as if specifically set forth herein.

85. The Trustee sues A. Burstyn pursuant to 11 U.S.C. § 544(b)(1), Fla. Stat. §§ 726.106(1) and 726.108(1)(a), and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A) to avoid the Fraudulent Transfers as a constructively fraudulent transfer.

86. The Debtor made the Fraudulent Transfers prior to the Petition Date within the Trustee's applicable look back period and statute of limitations.

87. The Debtor received less than reasonably equivalent value in exchange for the Fraudulent Transfers.

88. The Debtor was insolvent at the time of the Fraudulent Transfers or became insolvent as a result of the transaction(s).

89. At the time of the Fraudulent Transfers, the Debtor had at least one actual creditor holding an unsecured claim, including but not limited to the Internal Revenue Service, which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Fraudulent Transfers were avoidable under applicable law, including Fla. Stat. §§ 726.106(1) and 726.108(1)(a).

90. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may step into the shoes of the Internal Revenue Service for purposes of the creditor's collection period pursuant to 11 U.S.C. § 6502(a).

91. As a result of the above, the Trustee is entitled to avoid the transfers pursuant to 11 U.S.C. §§ 544(b)(1), Fla. Stat. §§ 726.106(1) and 726.108(1), and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A).

**WHEREFORE**, the Trustee respectfully requests the Court enter a judgment in her favor against Defendant Anita Burstyn: (a) declaring the Fraudulent Transfers to be a fraudulent transfer pursuant to Fla. Stat. § 726.106(1); (b) avoiding and recovering the Fraudulent Transfers as a fraudulent transfer pursuant to 11 US.C. § 544, Fla. Stat. §§ 726.106(1) and 726.108(1)(a), and 26

U.S.C. §§ 6502(a) and 6901(a)(1)(A); (c) awarding to the Trustee, for the benefit of the Estate, pre- and post-judgment interest and costs; and (d) granting such other and further relief as may be just and proper.

**COUNT IV**
**AVOIDANCE OF FRAUDULENT TRANSFERS**
**11 U.S.C. § 544(b)(1), Fla. Stat. §§ 726.106(2) and 726.108,**
**and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A)**
**(against Anita Burstyn)**

92. The Trustee adopts and realleges each and every allegation contained in Paragraphs 1 through 68 above as if specifically set forth herein.

93. The Trustee sues A. Burstyn pursuant to 11 U.S.C. § 544(b)(1), Fla. Stat. §§ 726.106(2) and 726.108(1)(a) and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A) to avoid the Fraudulent Transfers as fraudulent transfer.

94. The Debtor made each of the Fraudulent Transfers prior to the Petition Date and within the Trustee's applicable look back period and statute of limitations.

95. The Fraudulent Transfers were made to A. Burstyn who is an insider of the Debtor.

96. The Debtor was insolvent at the time of the Fraudulent Transfers.

97. A. Burstyn had reasonable cause to believe that the Debtor was insolvent.

98. At the time of the Fraudulent Transfers, the Debtor had at least one actual creditor holding an unsecured claim, including but not limited to the Internal Revenue Service, which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Fraudulent Transfers were avoidable under applicable law, including Fla. Stat. §§ 726.106(2) and 726.108(1)(a).

99. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may step into the shoes of the Internal Revenue Service for purposes of the creditor's collection period pursuant to 11 U.S.C. § 6502(a).

100. As a result of the above, the Trustee is entitled to avoid the transfers pursuant to 11 U.S.C. §§ 544(b)(1), Fla. Stat. §§ 726.106(2) and 726.108(1), and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A).

WHEREFORE, the Trustee respectfully requests the Court enter a judgment in her favor against Defendant Anita Burstyn: (a) declaring the Fraudulent Transfers to be a fraudulent transfer pursuant to Fla. Stat. § 726.106(2); (b) avoiding and recovering the Fraudulent Transfers as a fraudulent transfer pursuant to 11 US.C. § 544, Fla. Stat. §§ 726.106(2) and 726.108(1)(a), and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A); (c) awarding to The Trustee, for the benefit of the Estate, pre- and post-judgment interest and costs; and (d) granting such other and further relief as may be just and proper.

**COUNT V**
**RECOVERY OF TRANSFERS**
**11 U.S.C. § 550, Fla. Stat. §§ 726.108 and 726.109**
**and 26 U.S.C. §§ 6502(a) and 6901(a)(1)(A)**
**(against Anita Burstyn)**

101. The Trustee adopts and realleges each and every allegation contained in Paragraphs 1 through 68 above as if specifically set forth herein.

102. The Trustee sues A. Burstyn pursuant to 11 U.S.C. § 550 and Fla. Stat. § 726.108(1)(a) to recover the Fraudulent Transfers.

103. The Fraudulent Transfers are avoidable pursuant to 11 U.S.C. §§ 544(b)(1), 548(a)(1)(A), and 548(a)(1)(B); Fla. Stat. §§ 726.105(1)(a), 726.105(1)(b) and/or 726.106(1) and Fla. Stat. § 726.108(1)(a).

104. With respect to the Fraudulent Transfers, A. Burstyn was either the initial transferee or individual for whose benefit the Fraudulent Transfers were made under 11 U.S.C. § 550(a)(1); or, alternatively, an immediate or mediate transferee within the meaning of 11 U.S.C. § 550(a)(2).

105. To the extent that A. Burstyn was or is found to be an immediate or mediate transferee within the meaning of 11 U.S.C. § 550(a)(2), A. Burstyn was not a transferee who took for value, in good faith, without knowledge of the voidability of the transfer, within the meaning of 11 U.S.C. § 550(b)(1); or an immediate or mediate good faith transferee thereof within the meaning of 11 U.S.C. § 550(b)(2).

106. The Fraudulent Transfers are, or the value of Fraudulent Transfers are, recoverable by the Trustee from A. Burstyn for the benefit of the Debtor's Estate, pursuant to 11 U.S.C. § 550 and Fla. Stat. §§ 726.108 and 726.109.

**WHEREFORE**, the Trustee respectfully requests the Court enter a judgment in her favor against Defendant Anita Burstyn: (a) declaring the Defendant to be either the initial transferee of the Fraudulent Transfers or an individual for whose benefit the Fraudulent Transfers were was made under 11 U.S.C. § 550(a)(1); or, alternatively, an immediate or mediate transferee of the Fraudulent Transfers within the meaning of 11 U.S.C. § 550(a)(2); (b) directing Anita Burstyn to turn over to the Trustee, for the benefit of the Debtor's Estate, the Fraudulent Transfers or the value of the Fraudulent Transfers, plus interest at the applicable statutory rate, reasonable attorneys' fees, and costs and expenses to the extent permissible by applicable law; (c) awarding the Trustee, for the benefit of the Estate, costs under applicable law; and (d) granting such other and further relief as may be equitable and just.

## COUNT VI
## DECLARATORY JUDGMENT
## 28 U.S.C. § 2201, 11 U.S.C. §§ 105(a), 541, and 542 and Chapter 86, Florida Statutes
## (against Prime Realty Investors Corp.)

107. The Trustee adopts and realleges each and every allegation contained in Paragraphs 1 through 68 above as if specifically set forth herein.

108. The Trustee sues Defendant Prime Corp. seeking a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, Bankruptcy Rule 7001(9), 11 U.S.C. §§ 105(a), 541, 542, and Florida Statutes § 86.061, determining that Prime Corp. is a mere instrumentality and alter ego of the Debtor.

109. The Trustee is in doubt and uncertain as to her power, right, status or other legal or equitable relation arising from and relating to the Debtor's relationship with Prime Corp.

110. Upon information and belief, Prime Corp. has been utilized as a mere instrumentality and alter ego of the Debtor.

111. This Court has the power to render relief based upon a declaratory judgment when necessary or proper; and if the application is sufficient, this Court should declare that Prime Corp., at all times material hereto, was utilized as a mere instrumentality and alter ego of the Debtor.

112. A present controversy exists between the Trustee and Prime Corp. concerning the forgoing.

113. A declaration is necessary to determine whether Prime Corp. was utilized as a mere instrumentality and alter ego of the Debtor.

114. It is equitable for this Court to award the Trustee the reimbursement of her costs and expenses in this matter, and such an award is proper pursuant to Florida Statutes § 86.081.

**WHEREFORE**, the Trustee respectfully requests that the Court enter a judgment in her favor against Defendant Prime Realty Investors Corp.: (a) declaring that at all material times Prime Realty Investors Corp. was and is mere instrumentality and alter ego of the Debtor; (b) awarding the Trustee, for the benefit of the Estate, costs in accordance with applicable law; and (c) granting such other and further relief as the Court deems just and proper.

**COUNT VII**
**DECLARATORY JUDGMENT**
**28 U.S.C. § 2201, 11 U.S.C. §§ 105(a), 541, and 542 and Chapter 86, Florida Statutes**
**(against Malibu Properties Management LLC)**

115. The Trustee adopts and realleges each and every allegation contained in Paragraphs 1 through 68 above as if specifically set forth herein.

116. The Trustee sues Defendant Malibu seeking a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, Bankruptcy Rule 7001(9), 11 U.S.C. §§ 105(a), 541, 542, and Florida Statutes § 86.061, determining that Malibu is a mere instrumentality and alter ego of the Debtor.

117. The Trustee is in doubt and uncertain as to her power, right, status or other legal or equitable relation arising from and relating to the Debtor's relationship with Malibu.

118. Upon information and belief, Malibu has been utilized as a mere instrumentality and alter ego of the Debtor.

119. This Court has the power to render relief based upon a declaratory judgment when necessary or proper; and if the application is sufficient, this Court should declare that Malibu, at all times material hereto, was utilized as a mere instrumentality and alter ego of the Debtor.

120. A present controversy exists between the Trustee and Malibu concerning the forgoing.

121. A declaration is necessary to determine whether Malibu was utilized as a mere instrumentality and alter ego of the Debtor.

122. It is equitable for this Court to award the Trustee the reimbursement of her costs and expenses in this matter, and such an award is proper pursuant to Florida Statutes § 86.081.

**WHEREFORE**, the Trustee respectfully requests that the Court enter a judgment in her favor against Defendant, Malibu Properties Management LLC: (a) declaring that at all material

times Malibu Properties Management LLC was and is mere instrumentality and alter ego of the Debtor; (b) awarding the Trustee, for the benefit of the Estate, costs in accordance with applicable law; and (c) granting such other and further relief as the Court deems just and proper.

**COUNT VIII**
**DECLARATORY JUDGMENT**
**28 U.S.C. § 2201, 11 U.S.C. §§ 105(a), 541, and 542 and Chapter 86, Florida Statutes**
**(against Prime Management Property Corp.)**

123. The Trustee adopts and realleges each and every allegation contained in Paragraphs 1 through 68 above as if specifically set forth herein.

124. The Trustee sues Defendant Prime Management seeking a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, Bankruptcy Rule 7001(9), 11 U.S.C. §§ 105(a), 541, 542, and Florida Statutes § 86.061, determining that Prime Management is a mere instrumentality and alter ego of the Debtor.

125. The Trustee is in doubt and uncertain as to her power, right, status or other legal or equitable relation arising from and relating to the Debtor's relationship with Prime Management.

126. Upon information and belief, Prime Management has been utilized as a mere instrumentality and alter ego of the Debtor.

127. This Court has the power to render relief based upon a declaratory judgment when necessary or proper; and if the application is sufficient, this Court should declare that Prime Management, at all times material hereto, was utilized as a mere instrumentality and alter ego of the Debtor.

128. A present controversy exists between the Trustee and Prime Management concerning the forgoing.

129. A declaration is necessary to determine whether Prime Management was utilized as a mere instrumentality and alter ego of the Debtor.

130. It is equitable for this Court to award the Trustee the reimbursement of her costs and expenses in this matter, and such an award is proper pursuant to Florida Statutes § 86.081.

**WHEREFORE**, the Trustee respectfully requests that the Court enter a judgment in her favor against Defendant Prime Management Property Corp.: (a) declaring that at all material times Prime Management Property Corp. was and is mere instrumentality and alter ego of the Debtor; (b) awarding the Trustee, for the benefit of the Estate, costs in accordance with applicable law; and (c) granting such other and further relief as the Court deems just and proper.

**COUNT IX**
**DECLARATORY JUDGMENT**
**28 U.S.C. § 2201, 11 U.S.C. §§ 105(a), 541, and 542 and Chapter 86, Florida Statutes**
**(against Judah M. Burstyn, David A. Burstyn, and Bradley Keith Burstyn)**

131. The Trustee adopts and realleges each and every allegation contained in Paragraphs 1 through 68 above as if specifically set forth herein.

132. The Trustee sues Defendants Judah Burstyn, David A. Burstyn, and Bradley Keith Burstyn seeking a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, Bankruptcy Rule 7001(9), 11 U.S.C. §§ 105(a), 541, 542 and Florida Statutes § 86.061, determining that the ITF Accounts were not owned by D. Burstyn or B. Burstyn and were, at all times material to this action, owned by the Debtor.

133. The Trustee is in doubt and uncertain as to her power, right, status or other legal or equitable relation arising from and relating to the Debtor's relationship and ownership interest with respect to the ITF Accounts.

134. The Trustee believes that the ITF Accounts have been utilized as an instrumentality of the Debtor.

135. The ITF Accounts were opened in the name of "Judah Burstyn ITF David A. Burstyn and Bradley Burstyn", but were in fact used by solely by the Debtor to hold his personal funds.

136. The funds deposited in the ITF Accounts were at all relevant times property of the Debtor.

137. This Court has the power to render relief based upon a declaratory judgment when necessary or proper; and if the application is sufficient, this Court should declare that the ITF Accounts, at all times material hereto, were utilized as an instrumentality of the Debtor and that the ITF Accounts were solely owned by the Debtor.

138. A present controversy exists between the Trustee, the Debtor, D. Burstyn, and B. Burstyn regarding ownership of the ITF Accounts.

139. A declaration is necessary to determine whether the ITF Accounts were, at all times material to this action, owned solely by the Debtor.

140. It is equitable for this Court to award the Trustee the reimbursement of her costs and expenses in this matter, and such an award is proper pursuant to Florida Statutes § 86.081.

**WHEREFORE**, the Trustee respectfully requests that the Court enter a judgment in her favor against Defendant Judah M. Burstyn, David A. Burstyn, and Bradley Keith Burstyn: (a) declaring that at all material times the ITF Accounts and the funds contained therein were solely owned by and were property of the Debtor; (b) awarding the Trustee, for the benefit of the Estate, costs in accordance with applicable law; and (c) granting such other and further relief as the Court deems just and proper.

Dated: February 15, 2021.

Respectfully submitted,

**DUNN LAW, P.A.**
*Attorneys for Plaintiff, Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
Email: michael.dunn@dunnlawpa.com
jerrod.maddox@dunnlawpa.com

By: */s/ Jerrod M. Maddox*
Michael P. Dunn, Esq.
Florida Bar No. 100705
Jerrod M. Maddox, Esq.
Florida Bar No. 117820